UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Timothy W. Arthur, | ) | No. 3:24-cv-4362-MGL-BM |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Department of Veterans Affairs, Nancy Williams, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brings this civil action against the above-named Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons explained below, the undersigned concludes that this action is subject to summary dismissal for lack of jurisdiction.

## BACKGROUND

Plaintiff commenced this action by filing a document which is construed as the Complaint filed in this matter. ECF No. 1. He contends "[t]his is an action for violations of veterans' rights under federal law." *Id*. at 1. He sues the United States Department of Veterans Affairs ("VA") and Nancy Williams, a vocational rehabilitation counselor with the VA in Columbia, South Carolina. *Id*. at 2.

Plaintiff "has been a dedicated service member with service-connected disabilities." *Id*. He applied for Vocational Rehabilitation and Employment ("VR&E") benefits[1] from the VA to pursue flight training and was accepted into a flight school. *Id*. Despite his acceptance into flight school, the VA "refused to process and approve his training until he provided legal documents proving his acquittal on federal mail fraud charges."[2] *Id*. Plaintiff contends that this request for personal legal documents "was inappropriate and irrelevant to the approval process for flight training as outlined by the Code of Federal Regulations" ("CFR"). *Id*. According to Plaintiff, the VA's request for documentation related to legal charges "constitutes an overreach of authority and a violation of [his] rights under the VR&E program." *Id*.

Based on these allegations, Plaintiff asserts the following causes of action. As to Count I, Plaintiff asserts a claim for violation of his veteran's rights under federal law. *Id*. at 3. Specifically, Plaintiff contends the VA's refusal to process and approve VR&E benefits for his flight training violates 38 U.S.C. § 3115 and 38 CFR § 21.294 and caused him to suffer "significant delays and hindrance in his vocational rehabilitation process." *Id*. As to Count II, Plaintiff asserts a claim for

---

[1] Although Plaintiff refers to these benefits as the "Vocational Rehabilitation and Employment" program, the program name has been changed to "Veteran Readiness and Employment." *See* https://www.benefits.va.gov/vocrehab/index.asp. In any case, the VR&E program provides services to veterans and service members to help with job training, education, employment accommodations, and other related benefits. *Id*. "VR&E is a postsecondary education program that 'helps eligible veterans prepare for, obtain, and maintain suitable employment or achieve independence in daily living.'" Eleanor T. Morales, John W. Brooker, *Restoring Faith in Military Justice*, 55 Conn. L. Rev. 77, 134 n.194 (2022).

[2] The Court takes judicial notice that Plaintiff was convicted of mail fraud in violation of 18 U.S.C. § 1341. *See United States v. Arthur*, No. 3:16-cr-0247-MGL-3 (D.S.C.); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

violations of the Administrative Procedure Act ("APA"). *Id*. Plaintiff contends the VA's actions were arbitrary, capricious, an abuse of discretion, not in accordance with the law, and in violation of the APA. *Id*. As to Count III, Plaintiff asserts a claim for due process violations. *Id*. He contends the VA's demand for unnecessary legal documentation deprived him of his right to benefits without due process in violation of the Fifth Amendment. *Id*. Finally, as to Count IV, Plaintiff asserts a claim for negligence or "maladministration." *Id*. Plaintiff contends that Defendants' failure to properly administer the VR&E program caused undue delays in the approval process constituting negligence and maladministration. *Id*. at 3–4. For his relief, Plaintiff seeks compensatory damages in the amount of $500,000. *Id*. at 4.

## STANDARD OF REVIEW

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Further, this Court possesses the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 30–708 (1989); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must

be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (explaining the court may dismiss an action sua sponte for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements). Accordingly, "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016) (citing *Carter v. Ervin*, No. 0:14-cv-00865-TLW-PJG, 2014 WL 2468351, *3 (D.S.C. June 2, 2014); *Mayhew v. Duffy*, No. 2:14-cv-24-RMG, 2014 WL 468938, at *1 (D.S.C. Feb. 4, 2014) (exercising inherent authority to summarily dismiss a frivolous case where pro se plaintiff filed new case seeking to vacate a previously-adjudicated case)).

## DISCUSSION

"Federal district court review of benefits determinations by the VA is precluded by the Veterans' Judicial Review Act ('VJRA'), Pub. L. No. 100-687, 102 Stat. 4105 (1988)." *Hairston v. DVA, Reg'l VA Off. Martinsburg*, 841 F. App'x 565, 569 (4th Cir. 2021). Because Plaintiff's Complaint effectively seeks review of the VA's failure to approve benefits under the VR&E program, this Court lacks subject matter jurisdiction over the claims asserted in this case. *Id.*

In *Hairston*, the Fourth Circuit explained:

> Through the VJRA, Congress enacted a specialized review process for the adjudication of veterans' benefits claims. The Secretary of the VA, as mandated by statute, decides "all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Subject to some exceptions not relevant here, *see id.* § 511(b), such decisions by the Secretary may only be reviewed on appeal by the Board of Veterans' Appeals, a VA administrative

> body, *id.* § 7104(a), and then by the United States Court of Appeals for Veterans Claims, an Article I court with "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals," *id.* § 7252(a). Decisions by the Court of Appeals for Veterans Claims may be appealed only to the Federal Circuit. *Id.* § 7292(a), (c).
>
> Congress made clear that this specialized review process is also an exclusive one. Beyond this narrow route, federal courts generally are barred from hearing challenges to benefits determinations. The Secretary's decisions on "all questions of law and fact" relevant to "the provision of benefits" are "final and conclusive and may not be reviewed by any other official or by any court" beyond the statutorily prescribed appeals process. *Id.* § 511(a). The upshot, as we have explained, is that federal district courts lack jurisdiction to review VA decisions that "affect the provision of the benefits awarded by the VA." *Butler v. United States*, 702 F.3d 749, 753 (4th Cir. 2012) (citation omitted).

*Id.* at 569–70. Plaintiff's requested relief in this case would require this Court to determine his eligibility for benefits under the VA's VR&E program. Because that determination would require deciding questions "necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans," 38 U.S.C. § 511(a), the VJRA divests this Court of jurisdiction to grant such relief. As such, because Plaintiff asks this Court to recognize his entitlement to benefits and review the VA's determination (denial of benefits to Plaintiff), they fall within the scope of § 511(a) and cannot be heard by this Court.[3]

Plaintiff purports to assert claims for negligence, violations of his civil rights, violations of the CFR, and violations of the APA and other federal statutes. However, all of these claims are premised on Plaintiff's assertion that the VA improperly denied him benefits. In evaluating a claim for relief, the Court "must look beyond the general headings of the pro se Plaintiff's . . .

---

[3] The Court's conclusion does not mean that Plaintiff is without a remedy for his alleged injuries. He may pursue any appropriate appeals within the VJRA's own review scheme for benefits determinations.

Complaint in considering what causes of action he seeks to bring." *Lyansky v. Coastal Carolina Univ.*, No. 4:21-cv-1879-SAL-KDW, 2022 WL 4181066, at *7 (D.S.C. May 19, 2022), *Report and Recommendation adopted by* 2022 WL 3025737 (D.S.C. Aug. 1, 2022).  Here, Plaintiff's claims, regardless of how they are presented, arise out of the denial of benefits by the VA.  As such, all the claims in the Complaint fall within the purview of the VJRA.  *See, e.g., Snowden v. United States Dep't of Veterans Affs.*, No. GLR-20-cv-2913, 2021 WL 4750517, at *6 (D. Md. Oct. 8, 2021) (concluding the court lacked jurisdiction over the plaintiff's constitutional claims because the "VJRA has divested this Court of jurisdiction over all relevant questions of law relating to benefits administered by the DVA, including the process by which those benefits are administered"); *Trueman v. United States*, No. 7:12-cv-73-F, 2014 WL 1057267, at *12 (E.D.N.C. Mar. 17, 2014) ("[A] plaintiff cannot evade § 511(a) by cloaking a claim in constitutional terms; rather, the courts must 'examine the substance of the allegations, rather than the plaintiffs labels, to determine their true nature.'  Where the claims 'are, in substance, nothing more than a challenge to the underlying benefits decision,' the district court lacks jurisdiction to hear them." (citation omitted)).  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that this case be DISMISSED without issuance and service of process and without leave to amend for lack of subject matter jurisdiction.[4]

---

[4] Because Plaintiff seeks to challenge the VA's denial of benefits and because this Court lacks subject matter jurisdiction over such claims, any amendment of the Complaint would be futile.  Accordingly, the case should be dismissed without leave to amend.

**IT IS SO RECOMMENDED**.

s/Bristow Marchant
United States Magistrate Judge

August 12, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).